NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ANDRE WHEELER, | Civil Action No.: 18-14726 (JMV) |
| Plaintiff, | **OPINION** |
| v. | |
| DETECTIVES MARIO NOVO, JOSUE VELEZ, WILFREDO GOMEZ, and ELIZABETH ROMANO, in their individual capacities, | |
| Defendants. | |

**Vazquez**, **United States District Judge**

This matter comes before the Court by way of three motions to dismiss Plaintiff Andre Wheeler's Complaint filed by Defendants Wilfredo Gomez, (ECF No. 15), Elizabeth Romano, (ECF No. 18), and Mario Novo and Josue Velez, (ECF No. 17). Plaintiff has opposed Defendants' motions, (ECF No. 22), and Defendants have replied, (ECF Nos. 25, 27–28). The Court decided this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendants' motions to dismiss with prejudice.

**I.    BACKGROUND**[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for malicious prosecution against four detectives employed by the Hoboken Police Department and/or the Hudson County Prosecutor's Office. (Compl. ¶¶ 1, 3). Defendants charged Plaintiff with multiple drug-related

---

[1] This background is derived from allegations in the Complaint, (ECF No. 1 ("Compl.")), which the Court accepts as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

offenses on February 25, 2015.  (Compl. ¶ 4).  Plaintiff alleges that the charges were made without probable cause, as Defendants Gomez and Romano relied on one photograph and a "grainy" surveillance video to identify Plaintiff as the previously "unidentified black male" associated with the conduct that led to the drug charges.  (Compl. ¶¶ 4, 10, 12).  Additionally, Plaintiff put forward an alibi.  (Compl. ¶ 14).  Plaintiff then spent six months in Hudson County Jail.  (Compl. ¶ 5).  The Hudson County Prosecutor's Office dismissed his case on October 12, 2016.  (Compl. ¶ 6).

On February 12, 2018, Plaintiff filed a complaint against the same Defendants in the Superior Court of New Jersey, Hudson County (the "New Jersey case").  (ECF No. 15-2 at 1, 4).  As in the current matter, the New Jersey Case alleged that Plaintiff was arrested by Defendants on February 25, 2015, "without probable cause" and that Plaintiff was charged "with multiple drug[-]related offenses."  (ECF No. 15-2 at 5).  Likewise, the New Jersey case asserted that on October 12, 2016, Plaintiff's criminal case "was dismissed in his favor."  (ECF No. 15-2 at 5).  The complaint in the New Jersey case alleged false arrest and malicious prosecution in violation of the New Jersey Civil Rights Act.  (ECF No. 15-2 at 5).  Plaintiff's state court complaint was subsequently dismissed as to all Defendants.  (ECF No. 15-2 at 9–20).  The malicious prosecution claim was dismissed.  (ECF No. 15-2 at 19-20).  Among other reasons, the judge in the New Jersey case noted that the malicious prosecution claim failed because Plaintiff had failed to file a notice of claim pursuant to "N.J.S.A. 59:8-8(a)."  (ECF No. 15-2 at 20).  Defendants now seek dismissal of Plaintiff's action under *res judicata* and the Entire Controversy Doctrine, or in the alternative, for failure to state a claim.

## II. LEGAL STANDARD

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### B. The Entire Controversy Doctrine

When deciding a motion based on preclusion, the Court applies the preclusion law from the first forum, here New Jersey state court. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 221 (3d Cir. 2016). "The Entire Controversy Doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Similar to *res judicata*, or claim preclusion, the entire controversy doctrine "extinguishes any subsequent federal-court claim that could have been

joined, but was not raised in the prior state action." *Siljee v. Atl. Stewardship Bank*, No. 15-1762, 2016 WL 2770806, at *7 (D.N.J. May 12, 2016). The entire controversy doctrine is an affirmative defense that may be considered as grounds for dismissal under Rule 12(b)(6) if its application is clear from the face of the complaint. *Rycoline Prods., Inc.*, 109 F.3d at 886.

New Jersey Court Rule 4:30A, which codifies the entire controversy doctrine, provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." Generally, "[t]he entire controversy rule applies in federal court where there has been a previous state court action involving the same transaction." *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 547 (D.N.J. 2017). Rule 4:30A, however, only applies to claims that could have been joined in the prior proceeding. *Siljee*, 2016 WL 2770806, at *8.

## III.  ANALYSIS

The entire controversy doctrine bars Plaintiff's current case. Plaintiff brought a state court action alleging violations of the New Jersey Civil Rights Act against the same Defendants based on the same conduct alleged in the current matter. The only difference is that Plaintiff has dropped his false arrest claim and has brought his malicious prosecution claim under 42 U.S.C. § 1983.

The entire controversy doctrine prohibits a party from withholding "part of a controversy for separate later litigation even when the withheld component is a separate and independently cognizable cause of action." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999). "A federal civil rights claim that could have been, but was not, presented in a previous state court action, can be precluded in a federal court action in accordance with state claim preclusion doctrine." *Tancrel v. Mayor and Council of Twp. Of Bloomfield*, 583 F. Supp. 1548, 1550 (D.N.J. 1984). Where, as here, the parties and issues are identical, Plaintiff's Section 1983

4

claim could have and should have been raised in the state court action, and the entire controversy doctrine bars the litigation of that claim before this Court. *Id.* at 1552.

Plaintiff does not contest that the New Jersey case was based on the same facts and circumstances that he realleges in his current Complaint. Instead, Plaintiff argues that (1) he did not assert a Section 1983 claim in the New Jersey case, and (2) malicious prosecution is not recognized under the New Jersey Civil Rights Act (although Plaintiff does not contest that malicious prosecution is a cognizable tort under New Jersey law). (ECF No. 22 at 2). As to the substantive argument concerning claim preclusion, Plaintiff asserts that he did not oppose the summary judgment motions in the New Jersey case and that "the federal malicious prosecution claim was not raised" in the New Jersey case. (ECF No. 22 at 2).

Plaintiff's argument misses the mark. The issue is not whether Plaintiff raised his Section 1983 malicious prosecution claim in the New Jersey case. Instead, the issue is whether he could have and whether it was based on the same transaction raised in the New Jersey case. Here, New Jersey had concurrent jurisdiction to hear Plaintiff's Section 1983 claim. *See General Motors Corp. v. City of Linden,* 143 N.J. 336, 341 ("Generally speaking, section 1983 provides a cause of action in state or federal courts to redress federal constitutional and statutory violations by state officials.") *cert. denied,* 519 U.S. 816 (1996). Thus, Plaintiff could have raised the Section 1983 malicious prosecution count in the New Jersey case. Moreover, without question, Plaintiff's current Complaint is based on the same facts and circumstances raised in the New Jersey matter. *See Wadeer v. New Jersey Mfrs. Ins., Co.*, 220 N.J. 591, 605 (2015) (observing that the central consideration of the entire controversy doctrine is whether the subsequent claim arises "from related facts or the same transaction or series of transactions" of the first matter (internal quotation marks and citation omitted)). Finally, when Plaintiff brought the New Jersey matter, his malicious

prosecution claim was ripe (indeed, he asserted malicious prosecution in the New Jersey case) as the New Jersey case was filed over a year after Plaintiff's state charges were dismissed in his favor.

## IV. CONCLUSION

For these reasons, Defendants' motions to dismiss are granted. An appropriate Order accompanies this Opinion.

DATED: July 25, 2019

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge